IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-23-00180-JD |
| ) | |
| JOHNATHAN JOHNSON, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is the United States' Supplemental Rule 404(b) Notice [Doc. No. 42], to which Defendant Johnathan Johnson filed a response [Doc. No. 47].[1] The government seeks to admit at trial the underlying incident reports [Doc. No. 30-2] for the four disciplinary code infractions, involving sexual acts of masturbation, that Mr. Johnson received while incarcerated in the Federal Bureau of Prisons ("BOP"). Mr. Johnson objects and/or moves in limine to exclude the incident reports under Federal Rule of Evidence 403, incorporating his prior arguments, both written and oral, made in response to the government's Combined Motion in Limine [*see* Doc. Nos. 19, 28] and citing the Court's Rule 403 analysis in the previous trial setting [Doc. No. 33 at 18–19]. Neither side seeks oral argument on this issue.

---

[1] This ruling is limited to the incident reports, as the government announced at the Pretrial Conference on October 6, 2023, following the Court's ruling on Defendant's motion to sever, that it would not seek to offer Mr. Johnson's prior 18 U.S.C. § 111 conviction in its case in chief on Count 1.

The Court has reviewed the incident reports [Doc. No. 30-2]. Upon consideration of the filings presented, and having reviewed the relevant law, the Court issues its ruling.

## I.     BACKGROUND

Mr. Johnson was initially charged in a one-count Indictment with committing indecent exposure within the Federal Transfer Center ("FTC Oklahoma City") in Oklahoma City, Oklahoma, on April 17, 2023, in violation of 18 U.S.C. § 13(a) and Okla. Stat. tit. 21, § 1021(A)(1). [Doc. No. 1]. After exercising his right to a jury trial on the Indictment, the jury returned deadlocked on August 17, 2023. The government moved for a mistrial, to which Mr. Johnson consented, and the Court granted the motion and declared a mistrial. [Doc. Nos. 36, 39]. The government noticed its intention to retry Mr. Johnson and seek a Superseding Indictment. [Doc. No. 40]. On September 5, 2023, a two-count Superseding Indictment [Doc. No. 41] was returned by the federal grand jury.

Count One of the Superseding Indictment is the same count that previously resulted in a mistrial. While in custody at FTC Oklahoma City, Mr. Johnson allegedly masturbated while standing on a chair in front of his prison cell window in the presence of a female correctional officer. Count One is set on the Court's October 2023 jury trial docket, with jury selection commencing on October 10, 2023. The Court granted Mr. Johnson's Motion to Sever Counts [Doc. No. 48], resulting in Count Two being placed on the November 2023 jury trial docket. [Doc. No. 59].

In its previous order, the Court determined that Johnson's disciplinary code infractions for masturbation were admissible as similar acts evidence under Federal Rule of Evidence 404(b) to show knowledge, intent, and absence of mistake or accident. [Doc.

2

No. 33 at 3–14 and 19 (explaining the evidence bears on the defendant's knowledge, intent, or lack of mistake and also tends to prove the charged conduct was not accidental)]; *see also* [Doc. No. 37] (Limiting Instruction—Similar Acts) (stating in part that "[y]ou may consider that evidence only as it bears on the defendant's intent, knowledge, or absence of mistake or accident necessary to commit the crime charged in the Indictment"). Additionally, the Court found that the redacted disciplinary log listing the infractions was admissible under the business records exception to hearsay at Federal Rule of Evidence 803(6). [Doc. No. 33 at 15–16]. The redacted disciplinary log was admitted at the first trial through BOP Special Agent Travis Leissner's testimony, and the Court allowed him to testify in conjunction with the log. The Court, however, concluded that the related disciplinary hearing officer ("DHO") reports presented layered hearsay concerns and included statements from other inmate witnesses who were under no business duty to provide accurate information to the BOP. *See id.* at 16–18. Additionally, the Court determined that admission of the related DHO reports would needlessly present cumulative evidence under Rule 403. *See id.* at 18–19.

The government did not seek to introduce the underlying incident reports at the first trial, nor did it seek a pretrial ruling on their admissibility before the first trial. The government, however, now seeks to introduce the incident reports on the retrial of Count One.

II. **DISCUSSION**

The Court incorporates by reference its analysis from its previous order [Doc. No. 33] and supplements its prior order on the now-presented question of the incident

reports.[2] The underlying incident reports, unlike the related DHO reports, do not present the same layered hearsay concerns because they do not include statements from other inmate witnesses. Rather, the statements contained therein are limited to BOP officers who have a business duty to report accurate information, and statements by Mr. Johnson, which arguably fall under another hearsay exception or exclusion.[3] *See United States v. Snyder*, 787 F.2d 1429, 1433–34 (10th Cir. 1986); *United States v. Blechman*, 657 F.3d 1052, 1065 (10th Cir. 2011); *see* the advisory committee's note to Fed. R. Evid. 803(6); *see also Stone v. Morris*, 546 F.2d 730, 738 (7th Cir. 1976) (where a memorandum was prepared by prison staff and included in the official prison files, it was made in the regular course of prison business activity and was "the type of document routinely relied upon by prison officials").

Nonetheless, the Court still must conduct a balancing analysis under Rule 403 before admitting the incident reports. Under Rule 403, the Court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

---

[2] At the hearing on August 3, 2023, BOP Special Agent Travis Leissner testified that the incident reports are generated through an automated system by the staff member who wrote the report.

[3] At the hearing on August 3, 2023, in discussing the DHO reports, the government's counsel argued that any statements by Mr. Johnson himself would be admissible as opposing party statements. Like all motion in limine rulings, this Order represents a preliminary ruling, and it will be up to the government to lay a proper foundation. If a contemporaneous objection is raised, then the government's counsel should argue outside the presence of the jury how the incident reports and any statements by BOP officers and Mr. Johnson come into evidence under the Federal Rules of Evidence.

needlessly presenting cumulative evidence." Fed. R. Evid. 403. A district court has "considerable discretion" in admitting evidence under Rule 403. *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001). Excluding evidence under Rule 403 "'is an extraordinary remedy and should be used sparingly.'" *See id.* (quoting *United States v. Rodriguez*, 192 F.3d 946, 949 (10th Cir. 1999)). The Court has previously determined that the four prior acts of masturbation are offered for the proper purpose of proving knowledge, intent, and absence of mistake or accident. All four other acts and the charged offense in Count One involve allegations that Mr. Johnson masturbated in front of a BOP officer, most of those officers being female, while incarcerated in BOP custody within a span of almost two years. Accordingly, they have significant probative value.

As the Court previously stated, it is not necessary for the jury to hear the same evidence multiple times and through multiple exhibits. Nevertheless, the incident reports do provide additional evidence that goes to Mr. Johnson's knowledge, intent, and absence of mistake or accident that is not part of the disciplinary log, which only lists the prior acts without any details or context. Thus, the incident reports do not present cumulative evidence. The Court finds that their probative value is not substantially outweighed by any of the dangers in Rule 403. The Court further finds that use of a limiting instruction, like the one used in the first trial, will minimize risks of confusing the issues or unfair prejudice.

With that said, the Court wants to avoid any mini trials of these other four acts; thus, the Court will caution the government to make its point and then move on with this evidence. Therefore, assuming the government lays the proper foundation for admitting

5

the incident reports, and the statements therein allegedly made by Mr. Johnson, such evidence will be admissible at trial.

## III. CONCLUSION

For these reasons, the Court will allow the United States to admit the incident reports in its case in chief, subject to the government laying a proper foundation and subject to Mr. Johnson's right to renew his objections at the appropriate time during trial. The Court would caution the parties that any objection should be made and will be considered by the Court outside the hearing of the jury. The Court also will give a limiting instruction as requested during trial.

IT IS SO ORDERED this 10th day of October 2023.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE